# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AHMED ESMAIL MOHAMMED ALGHAZALI,<br><br>Petitioner,<br><br>v.<br><br>JOHN TSOUKARIS, et al.,<br><br>Respondent. | Civil Action No. 16-9055 (JLL)<br><br><br>ORDER |

IT APPEARING THAT:

1. On December 8, 2016, Petitioner Ahmed Esmail Mohammed Alghazali, an immigration detainee currently confined in the Elizabeth Detention Center, sought to file with this court a petition for a writ of habeas corpus challenging his continued immigration detention through counsel. (ECF No.1). Neither Petitioner nor his attorney, however, signed this original habeas petition. (*See* ECF No. 1 at 17).

2. On December 23, 2016, this Court entered an order administratively terminating Petitioner's habeas petition as he and his attorney had failed to sign the petition as required by Rule 2 of the Rules Governing Section 2254 Cases, which is applicable to proceedings brought pursuant to § 2241 pursuant to Rule 1(b). (ECF No. 2).

3. Petitioner's attorney thereafter filed a signed, amended petition. (ECF No. 3).

4. On January 11, 2017, this Court therefore entered an order reopening this matter. (ECF No. 4). This Court thereafter issued an order requiring the Government to respond to the amended petition within forty-five days on January 17, 2017. (ECF No. 5).

1

5. On March 2, 2017, the Government filed a request for an extension, which this Court granted (ECF No. 7-8), extending the due date for the Government's response to March 17, 2017. The Government, however, failed to properly file its response by that date.

6. On April 7, 2017, this Court received from Petitioner two motions – one seeking an entry of default and the other seeking a default judgment. (ECF Nos. 9-10). In these motions, Petitioner essentially asserts that the Government's failure to respond essentially renders his assertions admitted, and that he should therefore receive relief from his immigration detention. (*Id.*).

7. That same day, the Government filed its response to Petitioner's habeas petition, accompanied by a letter explaining that the delay resulted from the Government "inadvertently believ[ing] that the response had been filed in a timely manner." (ECF Nos. 11-12).

8. Petitioner asserts that, because of the late response of the Government, he should be entitled to both an entry of default and a default judgment in this habeas corpus proceeding. The inherent flaw in that argument, however, is that entries of default are not appropriate in habeas proceedings. As the Third Circuit has observed, "[e]ven if the Government . . . fail[s] to respond to [a habeas petition], it does not follow that [the petitioner] is entitled to a default judgment. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) (collecting cases)." *In re West*, 591 F. App'x 52, 54 n. 3 (3d Cir. 2015). Instead, "the failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment," *see Gordon*, 895 F.2d at 612, because "'[w]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would not be the defaulting party but the public at large that would be made to suffer by bearing . . . the risk of releasing [petitioners] that in all likelihood were duly [detained]." *United States v. Dill*, 555 F. Supp. 2d 514, 521 (E.D. Pa. 2008) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d

Cir. 1984)); *see also Atkins v. United States*, No. 88-5106, 1990 WL 126196, at *2 (D.N.J. Aug. 27, 1990); *United States v. Greenslade*, No. 04-405-05, 2009 WL 1507290, at *2 (M.D. Pa. May 28, 2009) ("default judgments are not appropriate in [habeas matters]"). As default judgments are improper in a habeas corpus proceeding, and as the Government immediately filed its response after the filing of Petitioner's motions for entry of default and for default judgment, Petitioner's default motions (ECF Nos. 9-10) must be denied.

IT IS THEREFORE on this 11th day of April, 2017,

ORDERED that Petitioner's motion for an entry of default (ECF No. 9) is hereby DENIED; and it is further

ORDERED that Petitioner's motion for default judgment (ECF No. 10) is also DENIED; and it is further

ORDERED that, as the Government has now filed its response to his petition, Petitioner may file a reply brief within forty-five (45) days of the date of this Order; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order upon the parties electronically.

Hon. Jose L. Linares,
United States District Judge